UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

JOSEPH MCCRAY,                                  :

                Petitioner,              :       **ORDER**

         - v -                                 :       20-cv-1442 (DC)

SUPERINTENDENT WALCOTT,                         :
Superintendent, Orleans Correctional Facility
                                                :
                Respondent.
                                                :
------------------------------------x

APPEARANCES:     JOSEPH MCCRAY
                 *Petitioner Pro Se*
                 DIN 17-A-1509
                 Orleans Correctional Facility
                 3531 Gaines Basin Road
                 Albion, New York 14411

                 ERIC GONZALEZ, Esq.
                 District Attorney, Kings County
                 By:    Julian Joiris, Esq.
                        Assistant District Attorney
                 350 Jay Street
                 Brooklyn, New York 11201
                        Attorney for Respondent

CHIN, Circuit Judge:

        On June 5, 2023, McCray moved to strike as "sham and false"

Respondent's May 19, 2020 opposition to his petition for a writ of habeas corpus under

28 U.S.C. § 2254. Dkt. 35 at 1-3 (citing Dkt. 6). McCray claims that Respondent's opposition does not comply with Rules 8(b) and 11 of the Federal Rules of Civil Procedure because it does not contain admissions or denials. *Id.* He concludes that the alleged deficiencies were intentional and done "for the purposes of delay in bad faith." *Id.* at 3. Respondent did not file a response to the motion to strike.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A party must move to strike "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

As a threshold matter, McCray's motion is denied for untimeliness. It was filed more than three years after Respondent filed (and served McCray with) their affirmation and memorandum of law in opposition to McCray's petition under 28 U.S.C. § 2254. *See* Dkt. 6; Dkt. 35. Although Rule 6 provides that a court may accept late filings from a party "on [a] motion made after the time has expired if the party failed to act because of excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), McCray's motion is devoid of any justification for its untimeliness. *See* Dkt. 35. Moreover, the filing of a timely motion was within the "reasonable control of [McCray]," and the delay impacted the resolution of McCray's petition under 28 U.S.C. § 2254. *See, e.g., Chichinadze v. BG Bar Inc.*, 517 F. Supp. 3d 240, 247 (S.D.N.Y. 2021) (explaining that, when considering

2

whether excusable neglect exists, the court should consider "the reason for delay, including whether it was within the reasonable control of the party, the danger of prejudice to the opposing party, and the length of the delay and its potential impact on these judicial proceedings" (alterations adopted) (citation omitted)).

McCray's motion is also denied because it is meritless. A review of Respondent's response shows it complied with Rules 8(b) and 11. *See* Dkt. 6. First, Respondent denied that McCray was entitled to habeas relief and outlined the grounds for denying each of McCray's claims raised in the petition. *Id.* at 18-42. Second, Julian Joiris, Esq., the Assistant District Attorney assigned to this case, signed the affirmation and response. *Id.* at 10, 42. Third, nothing in the response suggests that it was submitted to delay the adjudication of McCray's petition: it was filed on May 19, 2020, *see* Dkt. 3 at 1 (directing Respondent to "file a complete and entire answer or other pleading in response to the petition within" sixty days of this Court's March 20, 2020 Order), and on that same day, Respondent sent a true copy of the response -- via first-class mail -- to McCray's address at the Orleans Correctional Facility. *Id.* at 42.

Accordingly, McCray's motion to strike (Dkt. 35) is denied. A ruling on McCray's petitions for a writ of habeas corpus under 28 U.S.C. §§ 2254 and 2241 is forthcoming. *See* Dkts. 1, 36, 36-1.

The Clerk of Court is respectfully directed to mail a copy of this order to McCray at his last address of record.

SO ORDERED.

Dated:  New York, New York
        March 28, 2024

DENNY CHIN
United States Circuit Judge
Sitting By Designation

4