UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPH MCCRAY,                                     :

                Petitioner,          :        **MEMORANDUM DECISION**

          - v -                          :        20-cv-1442 (DC)

SUPERINTENDENT WALCOTT,                             :
Superintendent, Orleans Correctional Facility,
                                      :

                Respondent.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:          JOSEPH MCCRAY
                        Petitioner *Pro Se*
                        DIN 17-A-1509
                        Orleans Correctional Facility
                        3531 Gaines Basin Road
                        Albion, New York 14411

                        ERIC GONZALEZ, Esq.
                        District Attorney, Kings County
                        By:    Leonard Joblove, Esq.
                                Ann Bordley, Esq.
                                Julian Joiris, Esq.
                                Assistant District Attorneys
                        350 Jay Street
                        Brooklyn, New York 11201
                              Attorney for Respondent

CHIN, Circuit Judge:

On September 29, 2016, following a jury trial, Petitioner Joseph McCray -- who was proceeding *pro se* with the assistance of a legal advisor -- was convicted in the Supreme Court of New York, Kings County (Chun, *J.*) of grand larceny in the second degree (two counts), criminal possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree, and falsifying business records in the first degree.  Dkt. 6 at 4.  On November 30, 2016, the court adjudicated McCray as a predicate felon and sentenced McCray to concurrent prison terms totaling seven-and-a-half to fifteen years.  *Id.*  On July 24, 2019, the Appellate Division, Second Department affirmed McCray's convictions.  *People v. McCray*, 102 N.Y.S.3d 876 (2d Dep't 2019) ("*McCray I*").  On October 30, 2019, the Appellate Division denied McCray's motion for leave to reargue his appeal.  *See People v. Joseph McCray*, No. 2017-00298, 5847/15, 2019 WL 5585251 (2d Dep't Oct. 30, 2019).  On November 29, 2019, the New York Court of Appeals denied leave to appeal.  *People v. McCray*, 138 N.E.3d 495 (N.Y. 2019) (*Feinman*, *J.*) ("*McCray II*").

On March 13, 2020, proceeding *pro* se, McCray filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court (the "Petition").[1]  Dkt. 1.

---

[1] On March 29, 2022, McCray also moved for leave to file a successive habeas petition.  Dkt. 29.  On April 26, 2022, the Second Circuit denied the motion "as unnecessary because the adjudication of [McCray's] first § 2254 motion was not final as of the date" he filed the motion.  Dkt. 28 (citing *Hom Sui Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).

McCray raises six grounds in his Petition: (1) there were errors and deficiencies in the state grand jury proceedings and felony complaint; (2) his Fourteenth Amendment rights were violated because fraudulent evidence was admitted at trial; (3) he received ineffective assistance of counsel because Morris Shamuil, Esq., his pretrial and trial advisor, "fail[ed] to adopt" his motion to dismiss for lack of jurisdiction; (4) the Appellate Division's determination that the legal sufficiency of the evidence presented to the grand jury was not reviewable is "contrary to or involved an unreasonable application of clear[ly] established federal law"; (5) the Appellate Division failed its "obligation to conduct a factual review of the evidence"; and (6) the verdict was not supported by the weight of the evidence.  Dkt. 1 at 8-30.  Respondent Superintendent Walcott, represented by the Kings County District Attorney's Office (the "People"), filed an opposition memorandum on May 19, 2020.  Dkt. 6.

On May 16, 2023, McCray petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "§ 2241 Petition"), raising similar arguments to those in the Petition.  *See* Dkt. 36-1; Dkt. 1.  The People did not file a response.  On October 12, 2023, the Second Circuit transferred the § 2241 Petition to this Court and ordered that the Petition and the § 2241 Petition be considered together.  Dkt. 36 at 1 (citing Fed. R. App. P. 22(a)).

On June 5, 2023, McCray moved to strike as "sham and false" Respondent's May 19, 2020 "[a]ffirmation in opposition to [the] petition for writ of

habeas corpus."  Dkt. 35 (citing Dkt. 6).  In a separate order, I have denied the motion.

*See* Dkt. 38.

On October 25, 2023, the case was reassigned to the undersigned.  *See* Dkt.

Entry dated Oct. 25, 2023.

For the reasons that follow, the Petition (Dkt. 1) and § 2241 Petition (Dkt.

36-1) are DENIED.

## STATEMENT OF THE CASE

**A.      *The Facts*[2]**

The evidence at trial established the following:

In 2015, Veronica and Michelle Cadore owned title to a property at 119

MacDonough Street, Brooklyn, New York (the "Property").  Dkt. 7 at 548-50; Dkt. 6 at

35-36.  On January 6, 2015, McCray, a former tenant of the Property, knowingly

recorded two fraudulent documents with the Office of the City Register: (1) a purported

court order instructing the Office of the City Register to set aside the Cadores' deed to

the Property, and (2) a purported deed transferring the property to McCray.  Dkt. 6 at 2.

---

[2] The facts are primarily drawn from Respondent's opposition memorandum.  *See* Dkt. 6.  It is
not necessary to give a more detailed recitation of the facts to resolve McCray's habeas corpus
petition.  The People's brief on direct appeal to the Appellate Division, which was filed in this
Court as part of the People's opposition to the Petition, contains more detailed recitations of the
facts with extensive citations to the trial record.  *See* Dkt. 7 at 1258-71.

The court order contained a forged signature from New York Supreme Court Justice Yvonne Lewis.  *Id.*; *see also* Dkt. 7 at 772.

On or about May 21, 2015, McCray, relying on fraudulent documents to represent himself as the true owner, entered into a contract to sell the Property to Joel Rolnitsky.  Dkt. 7 at 747.  Mr. Rolnitzky and his attorney testified that Rolnitzky paid $499,000 for the Property, of which $249,713.25 went to McCray.  *Id.* at 700, 749; *see also* Dkt. 6 at 36.  The balance went to pay off the "liens, title insurance, and attorney's fees." Dkt. 7 at 1037; *see* Dkt. 6 at 36.

## B.    Procedural History

### 1.    *State-Court Proceedings*

#### a.    *The Indictment and Pretrial Proceedings*

On July 27, 2015, McCray was arraigned in the Criminal Court of the City of New York, Kings County, on a felony complaint.  Dkt. 6 at 2.  On August 7, 2015, the grand jury charged McCray with grand larceny in the second degree (N.Y. Penal Law § 155.40[1]) (two counts), criminal possession of a forged instrument in the second degree (N.Y. Penal Law § 170.25), offering a false instrument for filing in the first degree (N.Y. Penal Law § 175.35[1]), and falsifying business records in the first degree (N.Y. Penal Law § 175.10).  *Id.*  On August 26, 2015, McCray was arraigned on an indictment in the Supreme Court, Kings County.  *Id.* at 3.

b.    *The Trial, Conviction, and Sentence*

The rial commenced on September 20, 2016.  Dkt. 7 at 425.  McCray was

granted permission to proceed *pro se* at trial, with Morris Shamuil, Esq., serving as his

legal advisor.  *Id.* at 3-4; Dkt. 7 at 10-12.  McCray made various *pro se* motions

throughout the case, including motions to dismiss pursuant to New York Criminal

Procedure Law §§ 30.30, 210.20, and 210.35.[3]  Dkt. 6 at 3-4.  McCray's *pro se* motions

were labeled with a note that read: "Not decided by J. Chun; none adopted by counsel."

*Id.* at 4.

The People called Zena Spece, Phillip Eng, James Blain, Veronica Cadore,

Justice Yvonne Lewis, David Danino, Sheriff Investigator Theresa Russo, Joseph Sahadi,

Clioffe Olivia, Eva Weber, Aryeh Weber, Joel Rolnitzky, and Michael Sinclair.  Dkt. 7 at

455, 498, 519, 548, 582, 607, 635, 648, 671, 687, 706, 744, 765.  McCray testified on his own

behalf.  *Id.* at 788, 795-878.

---

[3] In these motions, McCray argued: (1) no felony complaint was filed; (2) no original true bill
was filed; (3) McCray's first attorney, Nicole D'Orazio, Esq., provided ineffective assistance; (4)
Veronica Cadore (the complainant-witness in the instant case) either did not exist, or was a
"strawman" for New York City's Department of Housing Preservation and Development; (5)
McCray was illegally arrested; (6) New York State Supreme Court Justice Yvonne Lewis, who
presided over the foreclosure proceedings involving 119 MacDonough Street, was corrupt; (7)
Ms. Cadore's deed was invalid because it was a "construction deed" or a "deed by estoppel"; (8)
no one had legal standing to challenge McCray's deed; (9) McCray was denied his purportedly
constitutional right to testify in the grand jury; (10) McCray's prosecution was barred by double
jeopardy because of his prior conviction for other crimes relating to 119 MacDonough Street;
and (11) the People engaged in misconduct in the grand jury.  Dkt. 6 at 3-4.

On September 29, 2016, the jury convicted McCray of grand larceny in the second degree (N.Y. Penal Law § 155.40[1]) (two counts), criminal possession of a forged instrument in the second degree (N.Y. Penal Law § 170.25), offering a false instrument for filing in the first degree (N.Y. Penal Law § 175.35[1]), and falsifying business records in the first degree (N.Y. Penal Law § 175.10).  Dkt. 7 at 966-71.  On November 30, 2016, the court (Chun, *J.*) sentenced McCray to concurrent prison terms totaling seven-and-a-half to fifteen years.  *Id.* at 979-80.

### c.    *State-Collateral Review*

On March 8, 2017, in the Supreme Court, Kings County, McCray moved to vacate the judgment of conviction pursuant to Criminal Procedure Law § 440.10.  Dkt. 6 at 5.  McCray claimed: (1) he was denied the effective assistance of counsel because, *inter alia*, Ms. D'Orazio was ineffective, and Mr. Shamuil did not adopt defendant's numerous *pro se* motions during the pendency of the case; (2) the People improperly withheld exculpatory evidence from the grand jury; (3) the People improperly presented the case to a second grand jury; (4) the People withheld exculpatory evidence at trial, namely, materials relating to McCray's 2006 conviction for trespassing and illegally collecting rent at the Property; (5) McCray's 2006 conviction barred McCray's prosecution on double jeopardy grounds; and (6) the court lacked jurisdiction over the case.  *Id.*  On June 12, 2017, the People opposed the motion.  *Id.*

On October 18, 2017, the Supreme Court, Kings County denied McCray's March 8, 2017 motion, finding his claims meritless. *Id.* McCray did not seek leave to appeal from the court's October 18, 2017 decision. *Id.*

On June 15, 2017, McCray petitioned the Supreme Court, Orleans County for a writ of habeas corpus pursuant to Article 70 of the New York Civil Practice Law and Rules. *Id.* McCray asserted: (1) he was falsely arrested by New York State Supreme Court Justice Yvonne Lewis; (2) no felony complaint or original indictment was filed; (3) the case was presented to a second grand jury without court approval; (4) no affidavit from Justice Lewis was presented in the grand jury; (5) an unspecified hearing had been held in McCray's absence; (6) McCray was prosecuted in violation of double jeopardy; (7) McCray's advisor, Morris Shamuil, did not move to dismiss the case; (8) the prosecutor committed various misconduct in the grand jury; and (9) no verdict sheet was executed or filed in McCray's trial. *Id.* at 5-6. The New York State Attorney General's Office argued that the petition should be dismissed because (1) a habeas corpus proceeding cannot be used to review claims that have been or could have been reviewed on direct appeal, and (2) a habeas corpus proceeding is not the proper proceeding to challenge a judgment of conviction. *Id.* at 6. On September 25, 2017, the Supreme Court, Orleans County (Feroleto, *J.*) denied McCray's petition and dismissed the proceedings. *Id.*

### d.    *The Direct Appeal*

McCray appealed his judgment of conviction to the Appellate Division, Second Department asserting the following claims: (1) he was denied a fair trial, and his Sixth Amendment right to effective assistance of counsel were violated when, *inter alia*, Ms. D'Orazio was ineffective, and Mr. Shamuil did not adopt McCray's numerous *pro se* motions during the pendency of the case; (2) the grand jury evidence was legally insufficient; (3) the grand jury was illegally constituted -- that is, the People allegedly presented a new matter to a grand jury whose term had been extended; (4) the People improperly instructed the grand jury; (5) the People introduced inadmissible evidence and withheld exculpatory evidence in the grand jury proceeding; (6) the People improperly presented the case to a second grand jury; (7) the People improperly asked the grand jury to withdraw its vote to indict McCray for forgery; (8) no original true bill or felony complaint was filed; (9) the felony complaint that was filed was fraudulent and facially insufficient; (10) he was arrested without probable cause; and (11) the justice who had presided over the foreclosure action involving 119 MacDonough Street lacked "standing" to report his crimes to law enforcement.  Dkt. 6 at 6-7.

On July 24, 2019, the Appellate Division affirmed McCray's conviction. *McCray I*, 102 N.Y.S.3d at 876.  It held that McCray's contention that the evidence presented to the grand jury was legally insufficient was not reviewable on appeal and that McCray's remaining claims were meritless.  *Id.* at 823 (citations omitted).  On

9

October 30, 2019, the Appellate Division denied McCray's motion for leave to reargue his appeal.  *See People v. Joseph McCray*, No. 2017-00298, 5847/15, 2019 WL 5585251 (2d Dep't Oct. 30, 2019).  On November 29, 2019, the New York Court of Appeals (Feinman, J.) denied leave to appeal.  *McCray II*, 138 N.E.3d at 495.

      2.     *The Petition*

      On March 13, 2020, McCray filed the Petition pursuant to 28 U.S.C. § 2254. Dkt. 1.  McCray raises six grounds in his Petition: (1) there were errors and deficiencies in the state grand jury proceedings and felony complaint; (2) his Fourteenth Amendment rights were violated because fraudulent evidence was admitted at trial; (3) he received ineffective assistance of counsel because Shamuil "fail[ed] to adopt" his motion to dismiss for lack of jurisdiction; (4) the Appellate Division's determination that the legal sufficiency of the evidence presented to the grand jury was not reviewable is "contrary to or involved an unreasonable application of clear[ly] established federal law"; (5) the Appellate Division failed its "obligation to conduct a factual review of the evidence," and (6) the verdict was not supported by the weight of the evidence.  *Id.* at 8-30.  The Kings County District Attorney's Office filed an opposition memorandum on May 19, 2020.  Dkt. 6.

      The case was reassigned to the undersigned on October 25, 2023.

3.      *The § 2241 Petition*

On May 16, 2023, McCray filed the § 2241 Petition, raising identical arguments to those in the Petition.  *See* Dkt. 36-1; Dkt. 1.  On October 12, 2023, the Second Circuit transferred the § 2241 Petition to this Court and ordered that the Petition and § 2241 Petition be considered together.  Dkt. 36 at 1 (citing Fed. R. App. P. 22(a)).

## DISCUSSION

I.      *Federal Review of State Convictions*

A.      *Applicable Law*

A federal court may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86, 97-98 (2011); *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017).  "[A] state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits[]' and (2) reduces its disposition to judgment."  *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (second alteration in original) (citing 28 U.S.C. § 2254(d)(1)).  Hence, when a claim is adjudicated on the merits, the state court's decision must be accorded "substantial deference."

*Fischer v. Smith*, 780 F.3d 556, 560 (2d Cir. 2015) (citing *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009)).  "A federal court may reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'"  *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (per curiam) (quoting *Harrington*, 562 U.S. at 103); *see also Wetzel v. Lambert*, 565 U.S. 520, 524 (2012) (per curiam) (quoting *Harrington*, 562 U.S. at 102).

A federal court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts.  28 U.S.C. § 2254(b)(1)(A).  This requirement affords state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "This requires that the prisoner 'fairly present' his constitutional claim to the state courts, which he accomplishes 'by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.'"  *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)).

Moreover, "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'"  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S.

12

722, 729 (1991)).  In other words, if the state court refused to consider an argument

because it was procedurally barred under state law, the argument is barred from federal

habeas review so long as the procedural bar is "adequate to support the judgment."

*Murden v. Artuz*, 497 F.3d 178, 191-92 (2d Cir. 2007) (quoting *Jimenez v. Walker*, 458 F.3d

130, 138 (2d Cir. 2006)).  For an independent and adequate state ground to bar habeas

relief, the state court rendering the judgment must "clearly and expressly state that its

judgment rests upon a state procedural bar."  *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir.

2011) (quoting *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996)).

If a claim is procedurally barred pursuant to an independent and

adequate state rule, a federal habeas court may not review it on the merits unless the

petitioner demonstrates (1) "cause for the default and actual prejudice as a result of the

alleged violation of federal law," or (2) "that failure to consider the claims will result in a

fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

**B.     *Analysis***

In the Petition, McCray contends: (1) there were errors and deficiencies in

the state grand jury proceedings and felony complaint; (2) his Fourteenth Amendment

rights were violated because fraudulent evidence was admitted at trial; (3) he received

ineffective assistance of counsel because Shamuil "fail[ed] to adopt" his motion to

dismiss for lack of jurisdiction; (4) the Appellate Division's determination that the legal

sufficiency of the evidence presented to the grand jury was not reviewable is "contrary

to or involved an unreasonable application of clear[ly] established federal law"; (5) the Appellate Division failed its "obligation to conduct a factual review of the evidence"; and (6) the verdict was not supported by the weight of the evidence.  Dkt. 1 at 8-30.  I address each claim in turn.

1. *Grounds One and Four*

Because McCray's claims in grounds one and four overlap, I address them together.

On ground one, McCray asserts several claims regarding the state grand jury proceedings and felony complaint.  Specifically, he contends that (1) there was no true bill of indictment filed with the clerk's office; (2) he has a liberty interest to examine the indictment; (3) he was never arraigned on the indictment; (4) he was subject to a false and fabricated felony complaint and indictment; and (5) the indictment had three nameless victims, which differed from the true complaint presented at trial.  Dkt. 1 at 8-9.  These arguments mirror those presented to the Supreme Court, Orleans County and the Appellate Division on direct appeal.

On ground four, McCray contends that the Appellate Division's determination that the legal sufficiency of the evidence presented to the grand jury was not reviewable is "contrary to or involved an unreasonable application of clear[ly] established federal law."  Dkt. 1 at 15-16.  McCray did not raise this argument on direct appeal.

14

Both grounds are procedurally barred and fail on the merits.

a. *Procedural Bar*

As to ground one, the Appellate Division, citing New York precedent, held that McCray's contentions regarding the evidence presented to the grand jury and alleged issues with the complaint and indictment are "not reviewable" on appeal. *McCray II*, 102 N.Y.S.3d at 876 (citations omitted).  New York Criminal Procedural Law § 210.30 provides "[t]he validity of an order denying any motion made pursuant to this section is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence."  N.Y. Crim. Proc. Law § 210.30(6).  And the New York Court of Appeals has held that where, as here, a defendant makes a motion to inspect and dismiss the indictment, and a New York Supreme Court conducts a hearing and dismisses the motion, a defendant cannot raise the issue on appeal.  *People v. Smith*, 828 N.E.2d 958, 958 (N.Y. 2005) (citing N.Y. Crim. Proc. Law § 210.30(6)).

Habeas relief is thus not available to McCray on these claims.  For an independent and adequate state ground to bar habeas relief, the state court rendering the judgment must "clearly and expressly state that its judgment rests upon a state procedural bar."  *Whitley*, 642 F.3d at 286 (quoting *Glenn*, 98 F.3d at 724).  Here, the Appellate Division clearly and expressly stated that these claims were precluded by state law.  *McCray I*, 102 N.Y.S.3d at 876.

As to ground four, a review of McCray's brief on direct appeal shows that he did not raise this claim before the Appellate Division.  *See* Dkt. 7 at 1228-49.  A federal court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts.  28 U.S.C. § 2254(b)(1)(A).  Habeas relief is thus not available to McCray on this claim.  *See id.*

Moreover,  McCray has failed to demonstrate that he is entitled to an exception to the procedural default rule on grounds one and four because he has not shown either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

### b.    *The Merits*

As discussed below, neither prejudice nor a miscarriage of justice exists because McCray's claims fail on the merits.

First, McCray fails to raise claims that implicate federal law.  Supreme Court precedent makes clear that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

Second, "there is no federal constitutional right to a grand jury in a state criminal proceeding.  The right to a grand jury is a matter of New York State law and as such is not reviewable on a petition for habeas corpus."  *Mirrer v. Smyley*, 703 F. Supp.

10, 11-12 (S.D.N.Y.), *aff'd*, 876 F.2d 890 (2d Cir. 1989) (citation omitted); *see, e.g., Nelson v. Heath*, No. 11-CV-02183 JG, 2011 WL 4711763, at *8 (E.D.N.Y. Oct. 3, 2011) ("The Supreme Court has held that the federal constitution 'doe[s] not require the States to observe the Fifth Amendment's provision for presentment or indictment by a Grand Jury.'" (quoting *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972)).  Thus, "claims of deficiencies in a state grand jury proceeding cannot support a collateral attack under 28 U.S.C. § 2254." *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989); *see, e.g., Jones v. Hendrix*, 599 U.S. 465, 490 (2023) ("federal habeas relief does not lie for errors of state law" (citation and internal quotation marks omitted)).

Third, because McCray was convicted after a trial, any defects in the grand jury proceedings were harmless.  *See, e.g., United States v. Mechanik*, 475 U.S. 66, 73 (1986) (finding that a "petit jury's verdict rendered harmless any conceivable error in the charging decision"); *Alfini v. Lord*, 245 F. Supp. 2d 493, 503 (E.D.N.Y. 2003) (same); *see also Lopez,* 865 F.2d at 32 ("[C]laims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court" (citation omitted)).

Fourth, New York law makes clear that, even if a felony complaint is defective, it "is superseded, and thus rendered legally irrelevant for purposes of challenging a subsequent conviction, by the grand jury's decision to indict." *McKelvey v. Bradt*, No. 13CV3527 (CM) (DF), 2016 WL 3681457, at *15 (S.D.N.Y. July 6, 2016) (collecting cases); *see, e.g., People v. Smith*, 757 N.Y.S.2d 491 (2d Dep't 2003).

Fifth, McCray acknowledged that he had been arraigned on the indictment on August 10, 2015.  Dkt. 7 at 1031.

Accordingly, habeas relief is not available to McCray on these bases.

**2.     *Ground Two***

McCray contends that his Fourteenth Amendment Rights were violated because fraudulent evidence was admitted at trial.  Dkt. 6 at 10.  He specifically alleges that the deed of the Property (listing Veronica Cadore as the owner of the Property) presented at trial was fraudulent because he was and is the lawful owner of the Property.  *Id.* at 11.

**a.     *Procedural Bar***

A review of McCray's brief on direct appeal shows that he did not raise this claim before the Appellate Division.  *See* Dkt. 7 at 1228-49.  Consequently, because he failed to exhaust his state remedies, habeas relief is thus not available to McCray on this claim.  *See id.*

Moreover,  McCray has failed to demonstrate that he is entitled to an exception to the procedural default rule because he has not shown either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

18

### b.    *The Merits*

McCray's fraudulent evidence claim also fails on the merits.    He has

made no showing that any of the evidence at trial was fraudulent.  Indeed, the jury

squarely addressed the issue of whether he was the lawful owner of the Property -- and

rejected it.

### 3.    *Ground Three*

McCray asserts that he received ineffective assistance of counsel because

Shamuil, his pretrial and trial advisor, "fail[ed] to adopt" his motion to dismiss for lack

of jurisdiction.  Dkt. 1 at 12.  McCray raised this claim on appeal, *see* Dkt. 7 at 1236, and

the Appellate Division held that it was meritless.  *McCray I*, 102 N.Y.S.3d at 876.  The

Appellate Division, however, did not discuss the claim in detail.   *Id.*

In general, to prevail on a claim of ineffective assistance under federal law,

a petitioner must (1) show that counsel's performance was so deficient as to fall below

"an objective standard of reasonableness;" and (2) establish prejudice by demonstrating

a "reasonable probability" that, "but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688, 694

(1984).  A "reasonable probability" requires "a 'substantial,' not just conceivable,'

likelihood of a different result."  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting

*Harrington*, 562 U.S. at 112).  In the context of a habeas petition under 28 U.S.C. § 2254,

"[e]stablishing that a state court's application of *Strickland* was unreasonable . . . is all the

more difficult.  The standards created by *Strickland* and § 2254(d) are both 'highly deferential' . . . and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (collecting cases).  Therefore, the "operative question in reviewing a state court's *Strickland* ruling is  . . . 'not whether a federal court believes the state court's determination was incorrect, but rather whether that determination was objectively unreasonable—a substantially higher threshold.'" *Waiters*, 857 F.3d at 478 (alterations adopted) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

The standard to establish ineffective assistance of counsel under New York law is lower than under federal law.  *See People v. Honghirun*, 78 N.E.3d 804, 807 (N.Y. 2017).  In New York, a defendant must show only "that counsel failed to provide meaningful representation." *People v. Alvarez*, 125 N.E.3d 117, 120 (N.Y. 2019) (citing *People v. Stultz*, 810 N.E.2d 883 (N.Y. 2004); *People v. Baldi*, 429 N.E.2d 400 (N.Y. 1981)).  Unlike the federal standard, *see Strickland*, 466 U.S. at 694, under the state standard, the defendant is not required to demonstrate that his counsel's ineffective assistance prejudiced him.  *See Alvarez*, 125 N.E.3d at 120.

Here, McCray has not met the New York or federal standard.  As an initial matter, McCray was granted permission to proceed *pro se* at trial, with Shamuil serving as his legal advisor. Dkt. 6 at 3-4; Dkt. 7 at 10-12.  Even though Mr. Shamuil served only as a legal advisor, the record shows that he advocated vigorously on behalf of McCray.  As acknowledged by the People, Mr. Shamuil "made numerous pretrial motions to

dismiss," "moved for (and obtained) pretrial discovery," conducted voir dire and direct examination of McCray, made objections, and delivered McCray's summation." Dkt. 6 at 38; *see also* Dkt. 7 at 889-901, 1072-75, 1122-26.  Mr. Shamuil's name appears 708 times throughout the state-court record -- with most of those appearing in the trial and sentencing transcripts.  *See generally* Dkt. 7.  All this action was taken without Mr. Shamuil formally being McCray's attorney.  Moreover, when McCray moved to dismiss the case at the end of the trial based on lack of jurisdiction, Mr. Shamuil supplemented McCray's motion.  Dkt. 7 at 779-80.  Mr. Shamuil specifically represented McCray's position as to why the People failed to establish jurisdiction and to meet their burden. *Id.* at 780.  In essence, Shamuil adopted McCray's motion by "add[ing] a little bit" of context to it.  *Id.*  After hearing argument from the People, the court then denied the motion.  *Id.* at 780-81.  Based on these facts, McCray has not shown that he was prejudiced by Mr. Shamuil's actions.  *See Harrington*, 562 U.S. at 791 ("[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy").

Accordingly, habeas relief is not available to McCray on this basis.

### 4.  *Ground Five*

McCray claims that the Appellate Division failed its "obligation to conduct a factual review of the evidence."  Dkt. 1 at 16.

### a.    *Procedural Bar*

A review of McCray's brief on direct appeal shows that he did not request that the Appellate Division conduct a weight of the evidence review.  *See* Dkt. 7 at 1228-49.  In his brief before this Court, McCray concedes that "[he] did not request the review" of the trial evidence on direct appeal.  Dkt. 1 at 17.  Section 2254 makes clear that a federal court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts.  28 U.S.C. § 2254(b)(1)(A).  Habeas relief is thus not available to McCray on this claim.  *See id.*

### b.    *The Merits*

McCray's claim also fails on the merits.  First, his claim does not implicate federal law.  McCray concedes the principal issue on this claim "is whether the deprivation of [his] right to the factual review goes against New [York State's precedent]."  Dkt. 6 at 17.  Second, the New York Court of Appeals has made clear that the Appellate Division's obligation to "conduct a weight of the evidence review" is triggered by the defendant's request.  *People v. Danielson*, 880 N.E.2d 1, 4-5 (N.Y. 2007) (citations omitted).

Because McCray's claim is rooted in state law, habeas relief is not available to him on this basis.

### 5.    *Ground Six*

McCray's final argument is that the verdict was not supported by the
weight of the evidence.

#### a.    *Procedural Bar*

Again, as already discussed, McCray did not challenge the sufficiency of
the trial evidence on direct appeal.  *See* Dkt. 7 at 1228-49.  He only challenged the
sufficiency of the evidence presented to the grand jury.  Again, because he did not
exhaust his state court remedies, habeas relief is not available to McCray on this claim.
*See id.*

#### b.    *The Merits*

McCray's claim also fails on the merits.

Defendants in a criminal trial may be convicted only upon proof
establishing their guilt beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307,
309 (1979).  When reviewing a claim that the evidence introduced at trial was
insufficient to sustain a defendant's conviction, the reviewing court applies the standard
outlined in *Jackson* to determine "whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt." *Id.* at 319 (citation omitted).  In
doing so, the court defers to the jury's assessments of "the weight of the evidence [and]
the credibility of witnesses." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) (citations

omitted).  Furthermore, the court "must look to state law to determine the elements of the crime." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999)).  Here, the People's outline of the essential elements of each crime is consistent with the New York Penal Law.  Dkt. 6 at 34-35; *see* N.Y. Penal Law §§ 155.40(1), 155.00(2), 155.05(1), 170.10(3), 170.25, 175.35, 175.05, 175.10, 175.00(1).  A "[p]etitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence."  *Id.* (citation and internal quotation marks omitted).  Indeed, a federal court may overturn a state court decision rejecting a sufficiency of the evidence challenge only if the state court decision was "objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (citation omitted).

Viewed in its totality, the evidence presented at trial was sufficient to establish (1) Ms. Cadore and her daughter owned the title to the Property; (2) McCray forged a court order purporting to set aside the Cadores's deed; (3) McCray used the forged order to assign the title to himself, and (4) McCray entered into an agreement with Mr. Rolnitsky to purchase the Property based on the McCray's false ownership. *See generally* Dkt. 7 at 455-780.  Moreover, a representative from the New York City's Department of Finance Records established that the Cadores owned the Property.  *Id.* at 456-57, 462, 466, 469-72.  Justice Lewis's testimony confirmed the signature on the purported court order was forged.  *Id.* at 590-95.  Mr. Rolinzky and his attorney testified

that Mr. Rolinzky paid $499,000 for the Property and that McCray collected nearly half

of that payment.  *Id.* at 709-17, 747-58.   In sum, the compelling evidence was

constitutionally sufficient to establish that McCray was guilty of the crimes charged in

the indictment.  "[A]ny rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319.

Accordingly, the state court's conviction was supported by the evidence,

and McCray is not entitled to habeas relief on this basis.

## II.     *The § 2241 Petition*

In the § 2241 Petition, McCray asserts that he is in custody in violation of

the Constitution.  *See* Dkt. 36-1.  McCray "seeks immediate release from custody based

upon unlawful prosecution," extraordinary circumstances, and "unnecessary delay in

the disposition of the case."  *Id.* at 6.  McCray argues essentially the same claims he

asserted in the Petition and his motion to strike the People's opposition to the Petition.

### A.     *Applicable Law*

Habeas corpus relief is available if a prison is "in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A

§ 2241 petition is the appropriate vehicle to raise claims arising from the "execution of a

sentence."  *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

B.  *Analysis*

Noticeably absent from the § 2241 Petition is any claim regarding the execution of McCray's sentence as required by § 2241.  *See id.*  Instead, his claims largely challenge the legality of his pretrial proceedings, trial proceedings, conviction, and sentence.  Not only are these challenges improper, *see id.*, but they are essentially the same arguments he raises in the Petition, all of which are meritless for the reasons discussed above.

Accordingly, McCray is not entitled to habeas relief under § 2241.

## CONCLUSION

McCray has failed to show any basis for relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254.   Accordingly, the Petition (Dkt. 1) and § 2241 Petition (Dkt. 36-1) are denied.  Additionally, I decline to issue a certificate of appealability because McCray has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Pursuant to 28 U.S.C. § 1915(a)(3), I certify that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of Court is respectfully directed to mail a copy of this memorandum decision and the judgment to McCray at his last address of record.

SO ORDERED.

Dated:      New York, New York
            March 29, 2024

_____
DENNY CHIN
United States Circuit Judge
Sitting By Designation